UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| United States of America, )<br>)<br>)<br>)<br>v. )<br>)<br>Garnett Radcliff Campbell, Jr. )<br>a/k/a "Yeshuah B Al Nina El", )<br>)<br>Defendant. )<br>_____ ) | Cr. No.: 6:14-cr-00035-GRA-1<br><br>**ORDER**<br>(Written Opinion) |

This matter comes before this Court on Defendant's *pro se* "Affidavit of Fact" in which he appears to challenge the jurisdiction of the District Court over him. ECF No. 34. Although Defendant's pleading is styled as an "Affidavit of Fact," *Id*., the Court is construing it as a Motion to Dismiss for Lack of Jurisdiction. For the reasons set forth below, Defendant's Motion is DENIED.

## Background

On January 14, 2014, a federal grand jury in Greenville, South Carolina, returned an indictment against Defendant Garnett Radcliff Campbell, Jr., charging him with three counts of passing fictitious obligations, in violation of 18 U.S.C. §514(a)(2). ECF No. 2. On March 4, 2014, the Defendant appeared for an arraignment and the Magistrate Judge appointed the Federal Public Defender's Office to represent the Defendant. ECF Nos. 12 & 13. The Defendant subsequently filed a Motion to Appoint New Counsel on June 18, 2014. ECF No. 28. A pretrial conference was held on June 19, 2014, before the Magistrate Judge and the

Defendant was ordered to undergo psychiatric examination to determine his mental competence.  ECF No. 31.  The Defendant filed a *pro se* "Affidavit of Fact", the document at issue which challenges the jurisdiction of the District Court over him, on June 30, 2014. ECF No. 34.  A Competency Hearing was then held on October 8, 2014, where the Magistrate Judge found the Defendant competent to proceed.  ECF No. 39.  On November 20, 2014, the Government replied in opposition to the Defendant's "lack of jurisdiction claim" by way of Government's Response to Lack of Jurisdiction. ECF No. 49.  This matter is now ready for ruling.

## Discussion

The Defendant seemingly argues that this Court does not have jurisdiction because he does "not consent, accept, or agree with, any decisions made" and because he does "not wish to contract with [the Judge] or the Court." ECF No. 34. The Defendant's arguments, however, are without merit.  As a matter of law, the Court does have jurisdiction over this case: "The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." 18 U.S.C. § 3231;  *see also  United States v. White*, 480 F. App'x 193, 194 (4th Cir. 2012) (citing 18 U.S.C. § 3231 as giving district courts jurisdiction in criminal prosecutions);  *United States v. Fuller*, 477 F. App'x 991, 993 (4th Cir. 2012) ("Federal district courts retain original jurisdiction over offenses against the laws of the United States.");  *United States v. Burris*, 231 F. App'x 281, 282 (4th Cir. 2007) (stating that an argument that the court lacked jurisdiction because of defendant's status as a Moorish American National "is patently frivolous" and the "[f]ederal district courts retain original jurisdiction over offenses against the

laws of the United States"). Further, as other courts have repeatedly explained, a federal district court has personal jurisdiction over any defendant brought before it on a federal indictment charging a violation of federal law, regardless of whether the defendant consents. *Smith v. United States*, No. 207-CR-19-FTM-29DNF, 2009 WL 2181424, at *1 (M.D. Fla. July 22, 2009) (collecting cases).

## Conclusion

Upon consideration and review of the record, it is the judgment of the Court that Defendant's Motion to Dismiss for Lack of Jurisdiction is DENIED

**IT IS THEREFORE ORDERED** that Defendant's Motion is DENIED.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

December 2, 2014
Anderson, South Carolina