UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | |
| v. | ) | No. 6:14-cr-00035-GRA-1 |
| | ) | |
| Garnett Radcliff Campbell, Jr. | ) | |
| a/k/a "Yeshuah B Al Nina El", | ) | **ORDER** |
| | ) | (Written Opinion) |
| Defendant. | ) | |
| _____ | ) | |

This matter comes before this Court on Defendant's "Affidavit (Writ of Removal)" in which he "inform[s] the court that there are specific demands that must be met or the respondent serves this notice as a formal retraction of the plea of nolo contendere." ECF No. 73. The Court construes this "Affidavit" as a Motion to Withdraw the Plea. For the reasons set forth below, Defendant's Motion is **DENIED**.

**Background**

On January 14, 2014, Defendant was indicted on three counts of passing fictitious obligations in violation of 18 U.S.C. § 514(a)(2). ECF No. 2. On December 2, 2014, the Court denied Defendant's motion to dismiss the charges for lack of jurisdiction. ECF No. 52. On December 9, 2014, the Court held a hearing and granted Defendant's motion to represent himself and appointed Benjamin Stepp as standby counsel. ECF No. 54. On December 23, 2014, the Court held a hearing at which Defendant submitted a Petition to enter a plea of nolo contendere. ECF Nos. 62 & 63. After performing a Rule 11 colloquy and determining that the plea was

knowingly and voluntarily offered and supported by a sufficient factual basis, the Court accepted the plea. ECF No. 76. On January 26, 2015, Defendant filed the pending motion to withdraw his plea. ECF No. 73. Thereafter, the Government filed a response in opposition. ECF No. 78.

## Discussion

"[A] defendant does not have an absolute right to withdraw a guilty plea, even before sentencing." *United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991). "A defendant may withdraw a plea of guilty or nolo contendere . . . after the court accepts the plea, but before it imposes sentence if . . . the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). In making this determination, the district court may consider a variety of factors and evaluate the Rule 11 colloquy. *See Moore*, 931 F.2d at 248 (setting forth a nonexclusive list of six factors); *United States v. Godette*, No. 14-4053, 2015 WL 162102, at *1 (4th Cir. Jan. 14, 2015) ("A properly conducted Rule 11 guilty plea colloquy leaves a defendant with a very limited basis upon which to have his plea withdrawn, and raises a strong presumption that the plea is final and binding." (quotation omitted)). "A defendant seeking to withdraw his guilty plea bears 'the burden of showing a fair and just reason for withdrawal' of the plea." *Godette*, 2015 WL 162102, at *1 (quoting *United States v. Ubakanma,* 215 F.3d 421, 424 (4th Cir. 2000). This determination is "entrusted to the discretion of the district court." *Moore*, 931 F.2d at 248.

Defendant contends that he entered his plea "under threat, duress, and coercion." ECF No. 73 at 1. The supporting allegations, however, are baseless. First, Defendant states that, at a pretrial conference, the Magistrate Judge informed him he "could potentially receive the maximum statutory sentence if found guilty," after a trial. *Id.* Defendant performed research (none of which he cites) and determined that he "does not meet the requirement to be sentenced outside (above or below) the sentencing guideline range . . . in the Presentencing Investigation Report." *Id.* at 2. Thus, Defendant reasons "any conversation from the Magistrate Judge . . . about [Defendant] receiving a sentence outside of the established guideline range would represent an attempt to coerce the [Defendant] into a plea." *Id.* The information provided by the Magistrate Judge was accurate[1] and useful information to consider prior to making a plea. Indeed, the Court personally addressed Defendant at the plea hearing regarding the Sentencing Guidelines and ensured that he understood that they were merely advisory. ECF No. 76 at 18-19. The alleged conversation between the Magistrate Judge and Defendant was informative and helpful, not coercive.

Second, Defendant alleges that his standby counsel and the Assistant United States Attorney informed Defendant that the Court would not accept the Plea Petition "if questions were not answered in a particular way." ECF No. 73 at 1-2. Defendant did not explain what questions were implicated or the "particular way" that Counsel stated the Petition would need to be completed. Defendant swore to the answers

---

[1] See *United States v. Booker,* 543 U.S. 220, 245 (2005) (holding that the Federal Sentencing Guidelines are advisory, not mandatory).

provided in his Petition under penalty of perjury, ECF No. 63 at 15, and he was sworn before his Petition was read in open Court at the plea colloquy, ECF No. 76 at 3. Defendant swore that he was entering the plea "voluntarily and completely of [his] own free choice, free of any force or threats or pressures from anyone." ECF No. 63 at 12. After the Petition was read aloud in open court, the Court twice confirmed that Defendant still wanted to enter his plea. ECF No. 76 at 22, 24. The Court had previously listened to Defendant discuss his background, education, competency, and satisfaction with his standby counsel, and the Court personally addressed the Defendant regarding his education and his understanding of the charges.[2] *Id.* at 4-6, 24. The Court accepted the plea only after determining that it was "freely and voluntarily" offered. *Id.* at 24. Defendant's vague, conclusory allegation that counsel informed him that the Petition must be completed in a particular way is not sufficient to reverse this Court's determination that the plea was voluntary.

Third, Defendant asserts that he reviewed transcripts from a grand jury hearing and determined that (1) the Government "presented erroneous information" at the hearing, and (2) "the transcript may have been fabricated." ECF No. 73 at 2. Defendant has failed to provide any factual basis for this allegation and failed to explain its relevancy to the motion to withdraw his plea.

Fourth, Defendant references a civil case he filed against various members of the federal government, including the Magistrate Judge, Assistant United States Attorney, and his standby counsel. *Id.* at 2-3. Defendant failed to prosecute the civil case, and it was dismissed. *See Campbell v. Nettles, et al.,* No. 6:14-cv-38-28-MGL,

---

[2] The Court was also privy to an extensive report regarding Defendant's background, mental health, competency, and understanding of the charges against him. ECF No. 35.

ECF No. 14 (D.S.C. Nov. 2014).  Defendant fails to explain how his filing of the civil case evidences coercion in this criminal case.

Lastly, Defendant demands that certain conditions must be met for him to maintain his plea, including: the dismissal of pending state charges, a guarantee that he will not be subject to supervised release, and a guarantee that he will not be subject to a special assessment.  ECF No. 73 at 3. The Court, however, has no control over any charges in state court and will not guarantee any sentencing outcome as a condition to his maintenance of the plea.

In summary, Defendant has failed to show any "fair and just reason" for requesting withdrawal of the plea.  As Defendant has failed to present any legitimate reason to withdraw the plea, an evidentiary hearing is not required.  <u>Moore</u>, 931 F.2d at 248.

### Conclusion

For the reasons stated above, Defendant's Motion to Withdraw the Plea Agreement, ECF No. 73, is **DENIED**.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

February 12, 2015
Anderson, South Carolina